NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2022-0058

THE STATE OF NEW HAMPSHIRE

v.

JOHN S. CULLEN

Argued: December 13, 2022
Opinion Issued: March 3, 2023

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Sam M. Gonyea, attorney, on the brief and orally), for the State.

Wadleigh, Starr & Peters, P.L.L.C., of Manchester (Donna J. Brown and Michael G. Eaton on the brief, and Donna J. Brown orally), for the defendant.

MACDONALD, C.J. Following a jury trial, the defendant, John S. Cullen, was convicted on two counts of pattern aggravated felonious sexual assault and one count of sexual assault. See RSA 632-A:1, I-c (2016); RSA 632-A:2, I (l) (2016) (amended 2020); RSA 632-A:2, III (2016); RSA 632-A:3, III (2016) (amended 2020). One of the pattern indictments alleged sexual contact; the other alleged sexual penetration. The defendant appeals his convictions on the pattern indictments, arguing that the Superior Court (Kissinger, J.) erred when it denied his motions to dismiss the two pattern charges because the State failed to prove that "the acts relevant to each indictment occurred over a period

of 2 months or more" and, with respect to the pattern sexual contact charge, that the victim was under the age of 13 when he committed those acts. We affirm the challenged convictions.

Among the witnesses who testified at trial were the victim, the victim's mother, and the defendant. The record contains the following evidence. The victim was born in July 2000. The defendant moved into the home of the victim and her mother "around 2009, 2010." When the victim was a student in middle school, she was between the ages of 11 and 13. She would leave for school at "around 7:30" in the morning and return between 2:30 and 3:00 p.m. The victim's mother worked from 9 to 5, arriving home around 5:30 p.m. When the victim arrived home from school, she would be alone or the defendant would also be there. A few months after he moved in, the defendant first guided the victim's hand to touch his penis while they were watching movies. The victim testified that this continued:

> Anytime that we were home alone together, it would happen probably again under the guise of let's go watch something or watch Netflix and cuddle, and he would repeat the process of having me touch his penis, or he would touch my vagina.

She further testified that these actions began "approximately a couple months after he had started living [with them]" and continued "[p]retty much right up until he moved out."

The defendant testified that he met the victim's mother in 2010 and moved in with her "after we were together for a month." He continued living at the home through at least the end of 2012. After 2012, the defendant spent some of his time living and working in other states, but returned to live with the victim and her mother for a month in 2013.

At the close of the State's case, the defendant, who represented himself at trial, moved to dismiss. The following exchange took place:

> THE COURT: Okay. Mr. [Cullen], did you want to make any motion at this point?
> . . . .
> MR. CULLEN: Okay. That time line was never fully established.
> . . . .
> MR. CULLEN: I'd like to make a motion to dismiss.

The trial court denied the defendant's motion, after summarizing the evidence that had been presented in the State's case-in-chief and viewing it in the light most favorable to the State. The defendant then testified. Following deliberation, the jury found the defendant guilty on all three charged offenses. This appeal followed.

On appeal, the defendant first argues that the trial court erred when it denied his motion to dismiss the pattern sexual assault indictment that alleged sexual contact. Under this indictment, the State was required to prove that the defendant committed more than one act of sexual contact upon the same victim over a period of two months or more and within a period of five years and that the victim was less than 13 years of age. RSA 632-A:1, IV (2016) (amended 2020) defines "sexual contact" as

> the intentional touching whether directly, through clothing, or otherwise, of the victim's or actor's sexual or intimate parts, including emissions, tongue, anus, breasts, and buttocks. Sexual contact includes only that aforementioned conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification.

The defendant concedes that the State presented sufficient evidence to establish that he committed more than one act of sexual assault upon the same victim. He argues, however, that the evidence was insufficient to establish not only that he committed the acts against the victim over a period of two months or more but also that the acts occurred when she was less than 13 years of age. He "does not contest . . . that the State prove[d] that the allegations occurred within a period of five years."

A challenge to the sufficiency of the evidence presents a question of law; our standard of review is therefore de novo. State v. Racette, 175 N.H. 132, 140 (2022). To prevail upon this challenge, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State, could have found the essential elements of the offense beyond a reasonable doubt. Id. Because the defendant chose to present a case after his motion to dismiss was denied, we review the entire trial record when evaluating the sufficiency of the evidence. State v. Cunningham, 159 N.H 103, 107 (2009).

The defendant contends that the temporal evidence presented in this case was similar to that presented in Racette, in which we concluded that the State failed to present sufficient evidence to support the defendant's pattern sexual intercourse conviction. Racette, 175 N.H. at 140. We are not persuaded. In Racette, the complainant, who was under the age of thirteen, testified that during the defendant's four-to-five-month residence in her home, the defendant would "sometimes" attempt to have sexual intercourse with her. Id. at 133, 134. "There was no further testimony about when or how often such attempted intercourse occurred" while the defendant lived in the home. Id. at 140. We concluded that, in the absence of testimony establishing the frequency of the conduct or any temporal connection between discrete acts, the State had not met its burden. Id.

3

The temporal evidence in this case was not so limited. Testimony before the jury included: (1) the defendant lived with the victim and her mother beginning in the fall of 2010 and through the end of 2012; (2) the defendant also moved back in with the victim and her mother for a month in 2013; (3) the victim was born in July 2000; (4) the victim attended middle school between the sixth and eighth grade; and (5) the defendant lived with the victim and her mother from "late sixth grade into seventh grade and all the way up to around eighth." The victim also testified that the defendant had been living in the home for "a few months" when the defendant first "had [her] touch his penis" and that, '[a]nytime that we were home alone together," "he would repeat the process of having me touch his penis, or he would touch my vagina." When asked how often this conduct would occur, the victim replied that it "varied." She testified that it continued to occur "[p]retty much right up until he moved out." She described the frequency of the assaults as occurring from "several points a week depending if I was on summer vacation, or it could happen once a month if the house was full," and that "it just depended on other people's schedules. The longer people weren't around, the more the activity picked up."

The defendant contrasts the testimony of the victim's mother with that of the victim to support his claim that the State failed to meet its burden. The victim's testimony focused on the period when she attended middle school. At the outset, she admitted that she was having trouble remembering her chronological age during the period that the defendant lived in her home. She was unwavering, however, in her testimony that he lived in her home while she was in middle school. Although at the beginning of her testimony she reported that she was 12 to 14 years old when she was in middle school, she corrected her testimony, after considering her age when she graduated from high school, and stated that she was between the ages of 11 and 13 during middle school. Given that the defendant and the victim's mother testified that he lived continuously in the home between 2010 and the end of 2012, a period during which the victim was between the ages of 10 and 12, we conclude that, when viewing all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State, a rational juror could have found that the defendant committed the charged acts when the victim was less than 13 years of age. Given the victim's testimony about the frequency of the assaults and that the defendant began assaulting her after living in her home "for a few months" and continued doing so "up until he moved out," a rational juror could also have found that the assaults continued "over a period of two months or more."

The defendant also argues that the trial court erred by denying his motion to dismiss the pattern indictment that alleged sexual penetration because the evidence was insufficient to establish that he committed more than one act of felonious sexual assault against the victim over a period of two months or more. See RSA 632-A:1, I-c. "Sexual penetration" includes

4

any intrusion, however slight, of any part of the actor's body, including emissions, or any object manipulated by the actor into genital or anal openings of the victim's body.

RSA 632-A:1, V(5) (2016). When asked what the defendant used to touch her vagina, the victim responded: "He would touch over the clothes, and then he would go under the clothes and touch my clitoris. And then he would go further down and penetrate me with his fingers."

As we have earlier stated, the victim testified that the frequency of the assaults "varied" from "several points a week depending if I was on summer vacation, or it could happen once a month if the house was full," and that "it just depended on other people's schedules. The longer people weren't around, the more the activity picked up."

Given the record before us, we conclude that a reasonable juror could have found, after viewing all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State, that the defendant committed repeated acts of penetration upon the victim over a period of two months or more.

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.